FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 05 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00771-BNB

GARY WAYNE McGREGOR,

　　　　Plaintiff,

v.

DONNA THURLOW, In her Individual and Official Capacity as Colorado Department of
　　　　Corrections Time and Computational Supervisor,
CATHERINE MOSCHETTI, In her Individual and Official Capacity as a Colorado
　　　　Department of Corrections Time and Computational Employee,
DAVID MICHAUD, In his Individual and Official Capacity as the Administrative Head of
　　　　the Colorado State Board of Parole,
BECKY LUCERO, In her Individual and Official Capacity as the Administrative Head of
　　　　the Colorado State Board of Parole,
KENNETH WILLIAMS, In his Individual and Official Capacity as a Colorado Department
　　　　of Corrections Employee,
RICHARD ROBERTS, In his Individual and Official Capacity as a Colorado Department
　　　　of Corrections Employee,
HAROLD BONHAM, In his Individual and Official Capacity as a Corrections Corporation
　　　　of America Employee,
BRIDGETTE TORRES, In her Individual and Official Capacity as a Corrections
　　　　Corporation of America Employee, and
RICHARD SMELSER, In his Individual and Official Capacity as a Corrections
　　　　Corporation of America Employee,

　　　　Defendants.

## ORDER OF DISMISSAL

　　　　Plaintiff, Gary Wayne McGregor, is in the custody of the Colorado Department of

Corrections and currently is incarcerated at the Crowley County Correctional Facility in

Olney Springs, Colorado. Mr. McGregor, acting *pro se*, initiated this action by filing a

Prisoner Complaint pursuant to 42 U.S.C. § 1983. Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that Mr. McGregor failed to assert personal participation by properly named defendants. Mr. McGregor was directed to amend the Complaint and correct the deficiencies. On April 28, 2011, Mr. McGregor filed an Amended Complaint and asserted that his Eighth and Fourteenth Amendment rights have been violated because Defendants refuse to compute his sentence as being subject to a mandatory parole, even though when he entered the DOC on March 7, 1986, he was told that his sentence was subject to a mandatory parole. Mr. McGregor contends that, as a result, he has been incarcerated for over four years beyond his expected and original date of release. Mr. McGregor seeks release and money damages.

Previously, Mr. McGregor filed an action pursuant to 28 U.S.C. § 2241, see *McGregor v. Smelser*, No. 10-cv-01387-CMA (D. Colo. Apr. 29, 2011) (unpublished), in which he challenged the DOC's computation of his sentences that were imposed on March 6, 1986. These sentences are the same ones that he attempts to challenge in this action. The Court dismissed Case No. 10-cv-01387-CMA because

> In light of the state court's finding that a mandatory parole under § 17-22.5-303(4) can be reconciled with a discretionary parole under § 17-2-201(5)(a), the DOC has properly addressed the execution of Applicant's sentence. Under § 17-2-201(5)(a) the parole board has sole discretion to grant or deny parole prior to the conclusion of a sex offender's sentence. The state, therefore, has not granted sex offenders a right to early release, and as a result Applicant's constitutional rights have not been violated. See *Lustgarden v. Gunter*, 966 F.2d 552, 554 (10th Cir. 1992).

*McGregor v. Smelser*, No. 10-cv-01387-CMA at Doc. No. 18.

This Court, therefore, finds that Mr. McGregor's claims, and his request for release, are repetitive of the claims that he asserted in Case No. 10-cv-01387-CMA. Repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious. See *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam). The Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims. See *Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972). The Court has examined its records and is satisfied that the claims in this case are repetitive of the claims Mr. McGregor asserted in Case No. 10-cv-01387-CMA and should be dismissed as legally frivolous. Although Case No. 10-cv-01387-CMA was a 28 U.S.C. § 2241 action, rather than a 42 U.S.C. § 1983 action, the request for release and the claims raised are the same. As for Mr. McGregor's request for money damages in this action, the request is denied because his claims were found to lack merit in Case No. 10-cv-01387-CMA. Accordingly, it is

ORDERED that the Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this __5th__ day of ____May____, 2011.

BY THE COURT:

        s/Lewis T. Babcock
        LEWIS T. BABCOCK, Judge
        United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00771-BNB

Gary Wayne McGregor
Prisoner No. 54498
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on May 5, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk